UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO:  12-51

NORMAN RATCLIFF                              SECTION: "S" (3)

ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion to Appoint Counsel** (Rec. Doc. 468) and **Motion for Reduction of Sentence** (Rec. Doc. 473) are **DENIED**.

BACKGROUND

On July 10, 2013, defendant pled guilty to the following counts of the second superseding indictment: Count 1, RICO conspiracy, in violation of 18 U.S.C. § 1962(d); Count 2, drug conspiracy, in violation of 21 U.S.C. § 846; and Count 31, causing death through the use of a firearm (the murder of Eula May Ivey), in violation of 18 U.S.C. § 924(j).

Count 1 carried a maximum sentence of life in prison, Count 2 carried a maximum of forty years in prison, and Count 31 carried a maximum sentence of life or death. As part of a plea agreement, the government agreed not to seek the death penalty for the murder of Eula May Ivey, and to dismiss Counts 3 (conspiracy to use firearms, in violation of 18 U.S.C. § 924(o) and Count 30 (Violent Crime (Murder) in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1)), which carried a mandatory life sentence or possible death penalty). Defendant was sentenced to serve 396 months imprisonment as to Counts 1, 2, and 31, to be served concurrently.

Defendant has now filed a motion seeking appointment of counsel to assist him in pursuing a claim premised on United States v. Davis, 139 S. Ct. 2319 (2019), in which the Supreme Court held 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague. He has also filed a pleading captioned "Title 18 U.S.C. 3582 Motion for Reduction of Sentence" (Rec. Doc. 473), in which the prayer seeks appointment of counsel, and for "further relief as the nature of this cause may require." The government filed an opposition to the former that is applicable to both.

## DISCUSSION

### *Motion to Appoint Counsel*

There is no general constitutional right to appointed counsel in post-conviction proceedings, unless the court holds an evidentiary hearing. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993). However, under 18 U.S.C. § 3006A(2)(b), federal district courts are granted  discretionary power to appoint counsel to indigent individuals seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255, when "the interests of justice so require." Moreover, while a "person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings," 18 U.S.C. § 3006A(c), a post-conviction reduction motion brought under 18 U.S.C. § 3582 is generally not considered to be "ancillary" as contemplated by that rule. See United States v. Garcia, 689 F.3d 362, 364 (5th Cir. 2012)(quoting 18 U.S.C. § 3006A(c)) (other citations omitted).

In the present case, defendant has premised his motion for relief on 18 U.S.C. § 3582,

and as such, he is not entitled to appointment of counsel. To the extent he would rely on section 2255 for relief pursuant to Davis, he is likewise not entitled to counsel, as set forth below.

Davis addressed the provision contained in 18 U.S.C. § 924(c)(1)(A) which authorized heightened penalties for using, carrying, or possessing a firearm in relation to any "crime of violence or drug trafficking crime." "Crime of violence" is defined in two subparts, the elements clause, § 924(c)(3)(A), and the residual clause, § 924(c)(3)(B). The residual clause defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The Davis court found the residual clause to be unconstitutionally vague.

Thus, Davis applies only when a defendant's 924(c) conviction is predicated on a crime of violence as defined by the residual clause. It has no application if the predicate crime was a crime of violence defined by the elements clause, or if the predicate crime was a drug-trafficking crime.

Defendant herein was convicted, inter alia, under 18 U.S.C. § 924(j), which makes it a crime to cause the death of a person in the course of a violation of 18 U.S.C. § 924(c). Because § 924(j) incorporates § 924(c) by reference, it potentially implicates § 924(c)(3)(B)'s residual clause and Davis. See In re Cannon, 931 F.3d 1236, 1243 (11th Cir. 2019). However, the residual clause is not implicated in this case, because, as set forth clearly in the indictment and the factual basis for his plea, the predicate for defendant's § 924(j) conviction included the commission of drug trafficking crimes. Thus, Davis has no impact on defendant's conviction or sentence, and the interests of justice do not require defendant to receive court appointed counsel

3

to pursue relief premised on <u>Davis</u>.

***Title 18, section 3582 claim***

Defendant references 18 U.S.C. § 3582 in the caption of his pleading, but nowhere else throughout the document, and the pleading does not refer to any of the provisions of that section. However, in the interest of thoroughness, and considering defendant's pro se status, the court addresses this claim.

Section 3582 provides for the modification of a sentence in very rare situations which are not present here. Under the statute:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> >
> > and that such a reduction is consistent with applicable policy statements

4

issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

In this case, defendant has not set forth extraordinary and compelling reasons for a reduction, he is not at least 70 years of age, and has not served at least 30 years. Nor has the Sentencing Commission lowered the sentencing range for his convictions. Moreover, the government has not moved for a sentence reduction under Rule 35. Accordingly, there is no basis for relief under 18 U.S.C. § 3582. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion to Appoint Counsel** (Rec. Doc. 468) and **Motion for Reduction of Sentence** (Rec. Doc. 473) are **DENIED**.

New Orleans, Louisiana, this ___23rd___ day of June, 2020.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**