UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 12-51** |
| **NORMAN RATCLIFF** | **SECTION: "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion to Vacate pursuant to 28 U.S.C. § 2255** (Rec. Doc. 481) is **DENIED**.

### BACKGROUND

On July 10, 2013, defendant Norman Ratcliff ("Ratcliff") pleaded guilty to the following counts of the second superseding indictment: Count 1, RICO conspiracy, in violation of 18 U.S.C. § 1962(d); Count 2, drug conspiracy, in violation of 21 U.S.C. § 846; and Count 31, causing death through the use of a firearm (the murder of Eula May Ivey), in violation of 18 U.S.C. § 924(j). Count 1 carried a maximum sentence of life in prison, Count 2 carried a maximum of forty years in prison, and Count 31 carried a maximum sentence of life or death. As part of a plea agreement, the government agreed not to seek the death penalty, and to dismiss Counts 3 (conspiracy to use firearms, in violation of 18 U.S.C. § 924(o)) and Count 30 (Violent Crime (Murder) in Aid of Racketeering, in violation of 18 U.S.C. §1959(a)(1)), which carried a mandatory life sentence or possible death penalty). Defendant was sentenced to serve 396 months imprisonment as to Counts 1, 2, and 31, to be served concurrently.

Defendant has now moved the court to reduce or vacate his sentence under 28 U.S.C. §

2255, based on <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), which held the definition of "crime of violence" provided at 18 U.S.C. § 924(c)(3)(B) – the "residual clause" – to be unconstitutionally vague.[1] The Government opposes the motion.

## DISCUSSION

Pursuant to § 2255, a prisoner in custody under a federal sentence may seek relief on four grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or, (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255. If the district court determines that a petitioner is entitled to relief under § 2255, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

In this case, defendant was convicted and sentenced, <u>inter alia</u>, for violating 18 U.S.C. § 924(j), which provides an enhanced sentence for a defendant convicted of using or possessing a

---

[1]The statute provided:

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

firearm "during and in relation to any crime of violence or drug trafficking crime" that "causes the death of a person through the use of a firearm." 18 U.S.C. §§ 924 (c)(1)(A) & (j). Thus, the enhancement applies if the conviction was for either a crime of violence or a drug trafficking crime. Davis only applies to a subset of these predicates – a crime of violence as defined by the residual clause.

While Ratcliff argues that because he pleaded guilty to a violation of 18 U.S.C. § 924(j) and because it is "somewhat unclear which crime or crimes served as the predicate offense" for his conviction, his sentence potentially rested on the residual clause and thus should be vacated. In support, he cites United States v. Jones, 935 F.3d 266 (5th Cir. 2019), a case in which the Fifth Circuit Court of Appeals vacated sentences and remanded because the convicting jury used a general verdict form that did not specify whether the conviction was based on "the invalid crime of violence predicate or the alternative drug trafficking predicate." Id. at 272.

Jones is inapplicable to the present case. Not only was Ratcliff's conviction based upon his guilty plea rather than a jury verdict, but the second superseding indictment, factual basis, and plea agreement establish that Ratcliff's § 942(j) violation was predicated not only on a crime of violence, but also on the commission of a drug trafficking crime. A drug trafficking crime is an independent, valid predicate for § 942(j) that sustains Ratcliff's conviction. Put simply, defendant's conviction was not based on the provision found unconstitutional in Davis, and Davis therefore affords no relief to defendant. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion to Vacate pursuant to 28 U.S.C. § 2255** (Rec. Doc. 481) is **DENIED.**

New Orleans, Louisiana, this  28th  day of October, 2020.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**