UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 12-51** |
| **NORMAN RATCLIFF** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion to Appoint Counsel** (Rec. Doc. 510) is **DENIED**.

### BACKGROUND

On July 10, 2013, defendant pleaded guilty to the following counts of the second superseding indictment: Count 1, RICO conspiracy, in violation of 18 U.S.C. § 1962(d); Count 2, drug conspiracy, in violation of 21 U.S.C. § 846; and Count 31, causing death through the use of a firearm (the murder of Eula May Ivey), in violation of 18 U.S.C. § 924(j).

Count 1 carried a maximum sentence of life in prison, Count 2 carried a maximum of forty years in prison, and Count 31 carried a maximum sentence of life or death. As part of a plea agreement, the government agreed not to seek the death penalty for the murder of Eula May Ivey, and to dismiss Counts 3 (conspiracy to use firearms, in violation of 18 U.S.C. § 924(o)) and Count 30 (Violent Crime (Murder) in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1)), which carried a mandatory life sentence or possible death penalty). Defendant was sentenced to serve 396 months imprisonment as to Counts 1, 2, and 31, to be served concurrently.

Defendant has now filed a motion seeking appointment of counsel to assist him in pursuing a claim premised on the "Youth Offender Act" based on his age at the time of the commission of the crime (eighteen years old) and conviction (twenty-one years old). He does not provide a citation to any statute or law, and the court construes the motion as invoking the Federal Youth Corrections Act, ch. 1115, 64 Stat. 1085 (1950) (codified at 18 U.S.C. §§ 5005-5056 (1976) (repealed in 1984)).

## DISCUSSION

There is no general constitutional right to appointed counsel in post-conviction proceedings, unless the court holds an evidentiary hearing. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993). However, under 18 U.S.C. § 3006A(2)(b), federal district courts are granted discretionary power to appoint counsel to indigent individuals seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255, when "the interests of justice so require."

In the present case, defendant has premised his motion on Federal Youth Corrections Act, *supra*. That statute was repealed in 1984. Thus, it can provide no basis for any relief to the defendant. Therefore, no interest of justice requires appointment of counsel. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion to Appoint Counsel** (Rec. Doc. 510) is **DENIED**.

New Orleans, Louisiana, this   25th   day of September, 2023.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**