**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 12-51** |
| **NORMAN RATCLIFF** | **SECTION: "S" (3)** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that defendant's **Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)** (Rec. Doc. 527) is **DENIED**.

**BACKGROUND**

On July 10, 2013, defendant pleaded guilty to the following counts of the second superseding indictment: Count 1, RICO conspiracy, in violation of 18 U.S.C. § 1962(d); Count 2, drug conspiracy, in violation of 21 U.S.C. § 846; and Count 31, causing death through the use of a firearm (the murder of Eula May Ivey), in violation of 18 U.S.C. § 924(j).

Count 1 carried a maximum sentence of life in prison, Count 2 carried a maximum of forty years in prison, and Count 31 carried a maximum sentence of life or death. As part of a plea agreement, the government agreed not to seek the death penalty for the murder of Eula May Ivey, and to dismiss Counts 3 (conspiracy to use firearms, in violation of 18 U.S.C. § 924(o)) and Count 30 (Violent Crime (Murder) in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1)), which carried a mandatory life sentence or possible death penalty. Defendant was sentenced to serve 396 months imprisonment as to Counts 1, 2, and 31, to be served concurrently. Defendant has now filed a motion seeking a reduction in sentence under 18 U.S.C.

§ 3582(c)(1)(A).

## APPLICABLE LAW

The statute invoked by defendant provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582.

## DISCUSSION

Defendant argues that he has exhausted his administrative remedies with the Bureau of Prisons ("BOP") and that extraordinary and compelling reasons warrant a reduction after considering the section 3553(a) factors.

***Extraordinary and compelling reasons***

The circumstances that defendant contends are extraordinary and compelling in his case are (1) that there has been a change in the law since he was sentenced; (2) his youth at the time of the offenses; and (3) his rehabilitation.

With respect to a change in the law, defendant points to Alleyne v. United States, 570

U.S. 99, 115–16 (2013), and claims that following that decision, his sentence would be lower if he were sentenced today. Rec. Doc. 527-1, 10. However, defendant was sentenced on February 2, 2014, approximately seven and a half months *after* Alleyne was decided on June 17, 2013. Clearly, vis-a-vis defendant, Alleyne did not establish a post-sentencing change in the law that would alter defendant's sentence.

With respect to defendant's argument regarding his youth at the time of his offenses, Amendment 829, effective November 1, 2024, provides in part the following:

> A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.

United States Sentencing Guidelines ("U.S.S.G."), § 5H1.1 Age (Policy Statement). Defendant argues that this policy statement, which the sentencing judge did not have benefit of at the time of sentencing, establishes that his age at the time of the offenses would have justified a downward departure then and thus supports a sentence reduction now.

However, the policy statement in effect at the time of defendant's sentencing, while not as detailed as the present provision, also "expressly allow[ed] for consideration of the defendant's age, 'including youth,'" in determining if a downward departure was warranted. See United States v. Sparks, 941 F.3d 748, 755 (5th Cir. 2019) (citing U.S.S.G. § 5H1.1, p.s., eff. Nov. 10, 2010). Moreover, the record reflects that the sentencing judge did, in fact, explicitly consider the

defendant's youth and the significant trauma he experienced in his young life as possible reasons for a downward variance. Pre-Sentence Investigation Report, Rec. Doc. 342, 53 at ¶ 332. Considering these factors, the court chose not to vary downward but to sentence the defendant to 396 months, on the lower end of the 360 months to life Guidelines range. Based on these facts, this court finds that defendant's age at the time of the offenses was previously factored in to the sentence imposed, and it does not constitute an extraordinary and compelling reason to reduce his sentence at this juncture.

With respect to defendant's contention that his rehabilitation justifies a downward departure, the court disagrees. As established above, there is no change in the law that justifies a reduction. Nor does defendant's age at the time of the offense, which was taken into consideration at the time of his original sentencing. The remaining ground argued by defendant for a sentence reduction, his rehabilitation, is not, by itself, an extraordinary and compelling reason to grant compassionate release. U.S.S.G. § 1B1.13(d) and 18 U.S.C. § 994(t). While defendant's rehabilitation efforts are recognized and admirable, they do not support a reduction of his sentence.

***Section 3553(a) factors***

Independent of the foregoing conclusion that extraordinary and compelling circumstances are not present in this case, title 18, section 3582 permits the court to reduce the term of imprisonment only after considering the applicable factors set forth in section 3553(a), and those factors also preclude a sentence reduction. Under 18 U.S.C. § 3553(a), a court must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote

respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. As the above discussion and record reflect, defendant pleaded guilty to multiple crimes of violence including the murder of Eula May Ivey, several non-fatal shootings, and drug trafficking crimes. A 396-month sentence is not unusually long for a defendant convicted of murder and participating in large-scale drug trafficking. It is significantly below the guideline maximum of life (not to mention the potential statutory maximum of death). It is also in keeping with the sentences imposed upon defendant's co-defendants. Accordingly, the court finds that in this case, the goals of section 3553(a), namely, for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, would be undermined by granting this defendant early release. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)** (Rec. Doc. 527) is **DENIED**.

New Orleans, Louisiana, this 18th day of June, 2025.

Mary Ann Vial Lemmon

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**